UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRYL RAMOS, <br><br> Plaintiff, <br><br> v. <br><br> CMI TRANSPORTATION, LLC, NFI INDUSTRIES, INC., and MIGUEL A. GONZALEZ, <br><br> Defendants. | CAUSE NO. 3:18-cv-968 DRL-MGG |

## OPINION & ORDER

A trucking accident gives rise to this negligence suit. Darryl Ramos claims both CMI Transportation, LLC and NFI Industries, Inc. were negligent and vicariously liable for Miguel Gonzalez's operation of his semitruck. NFI alone requests summary judgment on these two theories—alleged together in count 3 of the amended complaint against the company. The soft response to this motion merits little discussion. The court grants summary judgment for NFI.

## BACKGROUND

On October 14, 2017, Darryl Ramos was in an automobile collision with Miguel Gonzalez. Mr. Ramos was traveling southbound on US Highway 35 in LaPorte County, Indiana driving a 2008 Dodge RAM, and Mr. Gonzalez was traveling northbound on US Highway 35 driving a 2000 Volvo semitruck. Mr. Gonzalez lost control, crossed the center line, and struck Mr. Ramos' vehicle.

The amended complaint is stated in three counts: (1) a negligence claim against Mr. Gonzalez; (2) negligence and vicarious liability claims against CMI; and (3) negligence (due to training and supervision) and vicarious liability claims against NFI. NFI had no control or right of control over Mr. Gonzalez. Mr. Gonzalez was an owner-operator providing transportation services pursuant to a

lease agreement with CMI. The accident involved no NFI vehicles, nor anyone with whom NFI had a contractual relationship.

Both CMI and Mr. Gonzalez have admitted that he was negligent and 100% at fault for the subject accident. On the date of the subject accident, Mr. Gonzalez was an owner-operator of a commercial motor vehicle operating under authority granted by the U.S. Department of Transportation (USDOT) to CMI and was operating under CMI's USDOT authority. CMI has admitted that, under Federal Motor Carrier Safety Administration regulations, it is vicariously liable for any negligence chargeable to Mr. Gonzalez.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

Because the court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the court applies the substantive law of Indiana, the forum state. *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014). For procedural matters, the court generally applies federal law. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)).

## DISCUSSION

Mr. Ramos designates no facts establishing NFI's liability. It accordingly has waived its arguments in opposition. *See* N.D. Ind. L.R. 56-1(b)(2); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (district court entitled to expect strict compliance with local rule); *see also Nichols v. Mich. City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014). Arguments about CMI's liability have nothing to do with NFI's liability.

"Summary judgment is the 'put up or shut up' moment in a lawsuit." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citation omitted). Without a proffer of triable factual disputes by local rule, the court won't scour the record to find one. *See Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1017 (7th Cir. 2016); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923-24 (7th Cir. 1994) (factual statements required by L.R. 56-1 are "in short, roadmaps, and without them the court should not have to proceed further"). "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Indiana recognizes both a statutory employment relationship in the trucking context and a common law employment relationship for *respondeat superior* liability. *See Ill. Bulk Carrier, Inc. v. Jackson*, 908 N.E.2d 248, 255-56 (Ind. Ct. App. 2009) (statutory); *Guillaume v. Hall Farms, Inc.*, 914 N.E.2d 784, 789 (Ind. Ct. App. 2009) (common law). Under the doctrine of *respondeat superior*, an employer is liable for any tortious act committed by its employee or agent while he was acting within the course and scope of his employment. *Sword v. NKC Hosps., Inc.*, 714 N.E.2d 142, 148 (Ind. 1999). The right to

3

control or forbid an employee's acts is often a *sine qua non*. *Gilbert v. Loogootee Realty, LLC*, 928 N.E.2d 625, 632 (Ind. Ct. App. 2010) (citing *Stropes by Taylor v. Heritage House Childrens Ctr. of Shelbyville, Inc.*, 547 N.E.2d 244, 253 (Ind. 1989)).

Summary judgment is appropriate on the vicarious liability claim. First, Mr. Gonzalez wasn't NFI's statutory employee on this record. The Federal Motor Carrier Safety Regulations (FMCSR) define "employee." 49 C.F.R. § 390.5; *see Ill. Bulk Carrier, Inc.*, 908 N.E.2d at 255 ("[A] DOT-authorized motor carrier will be held liable for the negligence of its 'employee' as that term is defined in 49 C.F.R. § 390.5."); *see also Ramos v. CMI Transp., LLC*, 2019 U.S. Dist. LEXIS at 4-5 (N.D. Ind. July 19, 2019) (DeGuilio, J.). Mr. Gonzalez was operating pursuant to a lease agreement under the FMCSR with CMI, within its control. *See* 49 C.F.R. § 376.12(c)(1). Mr. Ramos offers neither argument nor facts to fit Mr. Gonzalez within the statutory definition of NFI's employee.

Second, Mr. Gonzalez wasn't NFI's employee or agent under common law, not even a joint employee of NFI and CMI (ECF 39-3 ¶¶ 8-16; ECF 39-5 ¶ 19; ECF 39-7 ¶¶ 1, 4). *See Moberly v. Day*, 757 N.E.2d 1007, 1010 n.3 (Ind. 2001); *GKN Co. v. Magness*, 744 N.E.2d 397, 402 (Ind. 2001). Mr. Ramos presents no facts or argument to find otherwise. On this record, no reasonable jury could find that any acts were within the course or scope of employment with NFI. *See Gregg v. Cooper*, 812 N.E.2d 210, 217-18 (Ind. Ct. App. 2004); *see also GKN Co.*, 744 N.E.2d at 402.

Mr. Ramos also hasn't established NFI's negligence. He must prove a triable issue on duty—a question of law. *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017). He hasn't done so under statutory, regulatory, or other common law authority that pronounces such duties, *see, e.g., N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 465 (Ind. 2003) (*Webb* factors apply where duty "has not already been declared or otherwise articulated"), or under Indiana's three-part balancing test should that apply beyond those pronouncements of a carrier's duties, *see Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991), *overruled on other grounds*, *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62

4

N.E.3d 384, 392 (Ind. 2016); *see also Harris v. Raymond*, 715 N.E.2d 388, 393 (Ind. 1999) ("courts will find that a duty of care exists if reasonable persons would recognize it and agree that it exists"). Mr. Ramos hasn't established NFI's duty to train or supervise Mr. Gonzalez specific to this case. Summary judgment is accordingly appropriate on the negligence claim against NFI.

The remaining question is the procedural punchline. Mr. Ramos says he was willing to dismiss NFI without prejudice. The parties reached no accord. Mr. Ramos hasn't filed a motion to dismiss NFI voluntarily under Fed. R. Civ. P. 41(a)(2). *See Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007). NFI filed its summary judgment motion over three months before Mr. Ramos suggested a dismissal. The case is aged and nearing completion of discovery. The court has but one motion before it. It is granted. *See Greer v. Cook Cty.*, 54 F. Appx. 232, 235-36 (7th Cir. 2002) (summary judgment is a final judgment on the merits). The court declines to consider or grant any motion without prejudice. *See* N.D. Ind. L.R. 7-1(a).

## CONCLUSION

Accordingly, the court GRANTS NFI's motion for summary judgment (ECF 37) as to any claims against it. The case remains pending as to other parties.

SO ORDERED.

April 22, 2020  *s/ Damon R. Leichty*
　　　　　　　　Judge, United States District Court